IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CRAIG GIBSON, #B-83050,** | ) |
| | ) |
|         **Plaintiff,** | ) |
| | ) |
| vs. | )    Case No. 15-cv-01144-SMY |
| | ) |
| **RICHARD WATSON,** | ) |
| **PHILLIP MCLAURIN,** | ) |
| **THOMAS TRICE, LEVI BRIDGES,** | ) |
| **and NANCY SUTHERLAND,** | ) |
| | ) |
|         **Defendants.** | ) |

**MEMORANDUM & ORDER**

**YANDLE, District Judge:**

Plaintiff Craig Gibson, who is currently confined at Centralia Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The events giving rise to this action occurred while Plaintiff was a pretrial detainee at St. Clair County Jail ("Jail"). (*See* Doc. 1). Plaintiff claims that he was subjected to unconstitutional conditions of confinement at the Jail.[1] He seeks monetary damages and injunctive relief. (Doc. 1, p. 3).

**Merits Review Pursuant to 28 U.S.C. § 1915**

Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

---

[1] Plaintiff, along with two other inmates, recently filed a motion to join his claims with those already pending in *Pasley v. Justus, et al.*, Case No. 14-cv-505-SMY-PMF (S.D. Ill.) (*See* Docs. 109, 114). Several former Jail inmates jointly brought that case, raising virtually identical claims as the claims Plaintiff raises herein. Plaintiff was denied permission to join that lawsuit.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At the same time, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges that while confined at St. Clair County Jail he was subjected to "poor and inadequate living conditions, overcrowding, insects, mice, and medical issues due to filthy and poor living conditions." (Doc. 1, p. 1). Plaintiff claims that he was forced to sleep on the floor on a filthy mattress while mice and insects were crawling all around him. *Id*. at 2. He further asserts that detainees were never given adequate cleaning supplies, and that he suffered from scabies and skin rashes as a result of living in the unsanitary environment. *Id*. Plaintiff claims that he complained to Defendants, but that they "deliberately ignored the issues" and refused to take action to address Plaintiff's concerns. Plaintiff has named as Defendants Richard Watson (sheriff), Phillip McLaurin (superintendent), Thomas Trice (captain), Nancy Sutherland (lieutenant), and Levi Bridges (sergeant). Plaintiff seeks damages from each Defendant in his/her individual and official capacities, and requests injunctive relief to correct the constitutional violations. *Id*.

## Discussion

Plaintiff's complaint omits some details that may prove to be relevant. For instance, he does not disclose when or for how long he was detained at the Jail under the conditions he

describes. Nor does he specify how each of the Defendants were notified regarding the unconstitutional conditions. Nonetheless, at this stage of the litigation, accepting all Plaintiff's allegations as true, his claim against the Defendants for housing him under unsanitary conditions of confinement survives review under § 1915A.

"Incarcerated persons are entitled to confinement under humane conditions which provide for their 'basic human needs.'" *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). The Due Process Clause of the Fourteenth Amendment governs claims for unconstitutional conditions of confinement brought by pretrial detainees. *See Smith v. Dart*, 803 F.3d 304 (7th Cir. 2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010); *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). The Eighth Amendment governs claims for convicted prisoners. *Id*. As the Seventh Circuit recently explained,

> [A] pretrial detainee is entitled to be free from conditions that amount to "punishment," *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), while a convicted prisoner is entitled to be free from conditions that constitute "cruel and unusual punishment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In both cases, however, the alleged conditions must be objectively serious enough to amount to a constitutional deprivation, and the defendant prison official must possess a sufficiently culpable state of mind.

*Smith*, 803 F.3d at 309.

The Seventh Circuit has historically applied the same standards to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners). *See Smith*, 803 F.3d at 309-10; *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008). Under the Eighth Amendment, two elements are required to establish a constitutional violation for conditions of confinement in prison. First, an objective element requires a showing that the

conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer*, 511 U.S. at 834. The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Farmer*, 511 U.S. at 837, 842. To satisfy this element, a plaintiff must show that "the defendant 'possess[ed] a purposeful, a knowing, or possibly a reckless state of mind' with respect to the defendant's actions (or inaction) toward the plaintiff." *Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015) (quoting *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472, __U.S.__ (2015)).

In the present case, the combination of the filthy living area, vermin and insect infestation, bathroom odors, and lack of cleaning supplies, indicate an objectively serious lack of basic sanitation in the Jail. *See Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) (depending on severity, duration, nature of the risk, and susceptibility of the inmate, conditions of confinement may violate the Eighth Amendment if they caused either physical, psychological, or probabilistic harm). Further, Plaintiff alleges that Defendants acted knowingly in maintaining the conditions that allegedly created an excessive risk to his health. Accordingly, Plaintiff's claims for damages against Defendants Watson, McLaurin, Trice, Sutherland, and Bridges, in their individual capacities, shall proceed for further review.

Plaintiff also seeks to hold all of the named Defendants liable in their official capacities. An official capacity claim against jail officials may proceed if the constitutional deprivation was "undertaken pursuant to an official jail policy or widespread custom." *Grieveson v. Anderson*, 538 F.3d 763, 773 (7th Cir. 2008). In other words, a plaintiff must point to "an express policy which caused the injury, a widespread practice that is so well-settled as to amount to a policy," or show that the official had the "final policymaking authority for the decisions" regarding jail conditions. *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Here, Plaintiff has alleged that

Defendants were aware of the unsanitary conditions of confinement, but they failed to take appropriate steps to address Plaintiff's concerns. That allegation is sufficient to put forth a municipal practice or custom for purposes of initial review. *See*, *e.g.*, *Budd*, 711 F.3d at 843 (claim alleging that sheriff "creat[ed] conditions at the jail and permit[ed] them to persist" stated a "municipal practice or custom"); *Young v. Sheehan*, No. 98 C 6527, 2000 WL 288516, at *5 (N.D. Ill. Feb. 24, 2000) (allegations of "punitive conditions existing at Cook County Jail and inadequate conditions of confinement" were "sufficient to support the inference of an official county jail policy, practice, or custom"). Therefore, the Court will allow an official capacity claim on to proceed against Defendant Watson, who, as sheriff, is responsible for running the Jail. *See DeGenova v. Sheriff of DuPage Cnty.*, 209 F.3d 973, 976 (7th Cir. 2000) ("Illinois sheriffs have final policymaking authority over jail operations."). All other official capacity claims are redundant because they are based on the same theory of liability. Accordingly, the official capacity claims against all other Defendants shall be dismissed.

Lastly, Plaintiff's claim for injunctive relief has become moot, since Plaintiff is no longer confined at the Jail. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Only if Plaintiff can show a realistic possibility that he would again be incarcerated at the St. Clair County Jail under the conditions described in the complaint, would it be proper for the Court to consider injunctive relief. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 3) remains **PENDING** and shall be referred to a United States Magistrate Judge for a decision.

Because Plaintiff has been granted *in forma pauperis* status, his motion for service of process at government expense (Doc. 4) is unnecessary and, therefore, **DENIED AS MOOT**. Likewise, with the issuance of this Order, Plaintiff's motion to check status of complaint (Doc. 7) is **DENIED AS MOOT**.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff may proceed on his conditions of confinement claim against Defendants **MCLAURIN, TRICE, SUTHERLAND,** and **BRIDGES** in their individual capacities only**.**  Plaintiff may proceed on the same claim against Defendant **WATSON** both in his individual capacity and in his official capacity as Sheriff.

The Clerk of Court shall prepare for Defendants **WATSON, MCLAURIN, TRICE, SUTHERLAND,** and **BRIDGES**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if

not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give

7

security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 4, 2016**

s/ STACI M. YANDLE
United States District Judge
